# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANTHONY HOWARD | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | |
| ANDREW SAUL,<br>Commissioner of the Social Security<br>Administration | :<br>:<br>: | NO. 19-2262 |

### MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE           February 28, 2020

  Anthony Howard ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"). In his request for review, Plaintiff raises several assertions of error, one of which is an alleged violation of the federal constitution's Appointments Clause (U.S. Const. art. II, § 2, cl. 2), based upon *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018). In *Lucia*, the U.S. Supreme Court held that the Security and Exchange Commission's Administrative Law Judges ("ALJs") were inferior officers of the United States, hence, the Appointments Clause required that they be appointed by the President, a court of law, or a head of department. 138 S. Ct. at 2053. Plaintiff's argument is that Social Security ALJs are also inferior officers and that his ALJ was not properly appointed prior to her hearing on July 12, 2018. Pl.'s Br. at 2, 9-13.

  The Commissioner concedes that the ALJ in Plaintiff's case was not properly appointed, *see* Def.'s Resp. at 14-23, but argues that Plaintiff forfeited his Appointments Clause claim by failing to present it to the ALJ and the Appeals Council. *See id*. In the Court's experience, the Commissioner has repeatedly advanced this forfeiture defense in cases wherein the plaintiff has raised an Appointments Clause challenge to the ALJ who heard his or her case. On November 27,

2019, this Court stayed this case, because the Third Circuit had two cases pending before it which raised the question of whether forfeiture is a viable defense to an Appointments Clause challenge to the authority of Social Security ALJs. Last month, the Third Circuit issued its decision.

The Third Circuit has decided that Social Security claimants have no duty to present their Appointments Clause challenges to ALJs or the Appeals Council. *Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 153, 159 (3d Cir. 2020). Because Plaintiff was not required to present his Appointments Clause challenge to the ALJ or the Appeals Council, he did not forfeit the claim by failing to do so. The appropriate remedy for the conceded Appointments Clause violation in this case is to remand the case to the Commissioner so that it can be re-assigned to a properly-appointed ALJ,[1] other than the ALJ who heard Plaintiff's case. *Id.* at 159-60.

An implementing Order follows.

---

[1] Shortly after *Lucia* was decided, the Commissioner reappointed all ALJs in conformity with the Appointments Clause. *Cirko*, 948 F.3d at 152.