### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY J. HOWARD | : | CIVIL ACTION |
| v. | : | |
| | : | |
| ANDREW SAUL, | : | |
| Commissioner of the Social Security | : | |
| Administration | : | NO.  19-2262 |

### <u>MEMORANDUM</u>

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                      June 18, 2020

On February 28, 2020, this Court concluded that this case should be remanded, because

Anthony J. Howard ("Plaintiff")'s administrative law judge ("ALJ") was not appointed in

conformity with the federal constitution's Appointments Clause, a point the Commissioner

conceded, and that he did not forfeit the claim by omitting it at the administrative agency level, a

point the Commissioner contested vigorously.  Plaintiff, the prevailing party, seeks attorney's fees

under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  The Commissioner opposes

Plaintiff's request for EAJA fees, on the ground that his position was substantially justified; the

Commissioner also contends that, if his position is not substantially justified, Plaintiff's fee request

should be reduced by half, because his attorney worked an excessive number of hours on this case.

This Court finds that the Commissioner's position prior to litigation was not substantially justified,

hence, an award of fees is warranted.  Further, the Court declines to reduce Plaintiff's request for

fees, because the number of hours counsel expended were reasonable.

### I.        BACKGROUND

Plaintiff applied for Supplemental Security Income ("SSI") on August 5, 2016.  Pl.'s Br.

and Statement of Issues in Support of Request for Review ("Pl. Br.") at 1.  After his application

was denied, Plaintiff requested a hearing before an ALJ.  *Id.*  An ALJ hearing was held, on July

12, 2018; the ALJ denied Plaintiff's disability claim, on August 8, 2018.  *Id.*  Next, the Appeal

Council denied review, on March 26, 2019, R, 1-6, making the ALJ's decision the Commissioner's

final determination.

On May 21, 2019, Plaintiff filed his complaint.  After the Commissioner filed his Answer

and the administrative record, protracted briefing and motion practice, including the

Commissioner's motion to stay the case (which was granted), followed.  On February 28, 2020,

the Court filed a Memorandum, which determined that Plaintiff's ALJ was not appointed in

conformity with Article II's Appointments Clause and that Plaintiff had not forfeited the question

by failing to present it to the ALJ and Appeal Council.  The remedy for this violation of the

constitution is a new hearing before a properly-appointed ALJ, who is different from the ALJ who

initially decided Plaintiff's case.  *Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 159-60 (3d Cir.

2020).  On the same day, Judgment was entered for Plaintiff.  The Commissioner did not appeal.

On May 12, 2020, Plaintiff, the prevailing party, filed his motion for attorney's fees.

Plaintiff requests an hourly rate of $206.00 and has documented a total of 38 hours, for a total fee

request of $9,290.60.  Pl.'s Mot. for Attorney's Fees Pursuant to the Equal Access to Justice Act

("Pl. Mot.") at 1-4; Pl.'s Statement of Attorney Time Expended ("Time St.") at 2-3.  The

Commissioner opposes the award of attorney's fees, on the ground that his position was

substantially justified; he also argues, if an award of fees is warranted, the number of hours Plaintiff

requests is excessive and any fee award should be reduced to $4,600.00.  Def.'s Resp. to Pl.'s

Application for Attorney's Fees Under the Equal Access to Justice Act ("Resp.") at 3, 10-11.  In

reply, Plaintiff contends, *inter alia*, that the Commissioner has failed to sustain his burden to prove

that his pre-litigation position was substantially justified; he also contends that the number of hours

expended litigating this case were reasonable.  Pl.'s EAJA Reply Br. ("Reply") at 1-12.  As

2

explained below, the Commissioner has not sustained his burden to prove that his pre-litigation position was substantially justified; hence, Plaintiff is entitled to attorney's fees. Furthermore, Plaintiff's attorney expended a reasonable number of hours in litigating this case, hence, Plaintiff's fee award is not reduced.

## II.      RELEVANT STANDARDS

### A.      EAJA Attorney's Fees

The prevailing party in a lawsuit seeking review of the Commissioner's disability determination is eligible to seek attorney's fees. *Williams v. Astrue*, 600 F.3d 299, 301 (3d Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). However, the Commissioner can avoid paying reasonable attorney's fees to the prevailing party, if the Commissioner's positions both pre-litigation and in litigation were substantially justified. *See Morgan v. Perry*, 142 F.3d 670, 685 (3d Cir. 1998). The Commissioner bears the burden of proving that his position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004) (citing, *inter alia*, *Pierce v. Underwood*, 487 U.S. 552, 567 (1988)). "Substantially justified" is a term of art that has been defined to mean "'justified in substance or the main – that is, justified to a degree that could satisfy a reasonable person.'" *Williams*, 600 F.3d at 301-02 (quoting *Pierce*, 487 U.S. at 565)). The Commissioner's position is substantially justified "'if it has a reasonable basis in both law and fact.'" *Id.* (quoting *Hanover Potato Products, Inc. v Shalala.*, 989 F.2d 123, 128 (3d Cir. 1993)).

### B.      Reasonableness of Attorney's Fees

The party seeking fees must identify the hours expended and the appropriate statutory rate, so that the court can calculate the lodestar, which is obtained by multiplying the hours expended by the appropriate hourly rate. *United States v. Eleven Vehicles*, 200 F.3d 203, 211 (3d Cir. 2000). Once the party seeking fees has provided an attorney's affidavit attesting to the hours expended,

the court may only reduce the requested hours, if the opposing party raises specific challenges to

the accuracy or necessity of the time assigned to specific tasks.  *See id.* at 211-12 (citing

*Cunningham v. City of McKeesport*, 753 F.2d 262, 266 (3d Cir. 1985)).  In the absence of specific

challenge by the opposing party, the court has no basis to reduce the requested hours.  200 F.3d at

112 (citations omitted).  Furthermore, the court may not reduce fees based on a factor not raised

by the opposing party.  *Id.* (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)).

## III.    DISCUSSION

### A.    The Commissioner's Pre-Litigation Position was not Substantially Justified

This Court focuses on the Commissioner's conduct pre-litigation, which the Commissioner

addresses by:  (1) suggesting that an exhaustion requirement at the agency level was reasonable,

because it was well-established; and (2) he failed to address the Appointments Clause deficiency

at the agency level because Plaintiff did not raise it there.  Resp. at 5-6.  Plaintiff addresses the

question as well, arguing that the Commissioner's position pre-litigation was not substantially

justified, because:  (1) Plaintiff's ALJ lacked lawful authority to hear and decide Plaintiff's claim,

which the Commissioner ignores; (2) in November 2017, well before the ALJ heard Plaintiff's

case, the federal government had conceded in the U.S. Supreme Court that all ALJs were not

appointed in conformity with the Appointments Clause; and (3) the Commissioner fails to

acknowledge that his relevant pre-litigation position was forcing Plaintiff to submit to an

improperly-appointed ALJ.  Reply at 3-7.  This Court resolves the substantial justification question

solely be considering the Commissioner's arguments.

The Commissioner's first argument lacks merit.  As the Commissioner conceded in *Cirko*,

948 F.3d at 153, there simply is no statute or regulation that requires issue exhaustion in Social

Security cases as a prerequisite for judicial review.  In *Cirko*, rather than relying on some well-

established issue exhaustion requirement, the Commissioner was urging the Third Circuit to judicially create such a requirement, at least for Appointments Clause challenges. *Id.* That is, such a requirement would have been novel, not well-established.

The Commissioner's second argument, that it did not address the Appointments Clause question because Plaintiff did not raise it administratively, is problematic for the Commissioner. Essentially, the Commissioner's argument is that he did not have a pre-litigation position. Since it is the Commissioner's burden to prove that his pre-litigation position was substantially justified, *Scarborough*, 541 U.S. at 414, his failure to have one renders his position impossible to justify. Accordingly, this court finds the Commissioner has failed to sustain his burden to prove that his pre-litigation position was substantially justified. Plaintiff is, therefore, entitled to reasonable attorney's fees under the EAJA.

**B.      Plaintiff's Attorney's Fees Request is Reasonable**

Plaintiff's attorney has submitted an affidavit attesting that he spent a total of 45.1 hours litigating this case. Time St. at 3. Plaintiff's attorney has accounted for the time he spent each occasion he worked on Plaintiff's case, starting on July 31, 2019, when he reviewed Plaintiff's case to determine if it was viable to request judicial review, until May 11, 2020, when counsel prepared his fee petition. *Id.* at 2-3. Having reviewed counsel's accounting of his time on this case, it appears accurate, necessary and, hence, reasonable. Further, Plaintiff's attorney has identified the correct statutory rate, increased for cost of living; the Commissioner does not challenge the requested rate. *See* Resp. at 9-11.

The Commissioner does assert that Plaintiff's attorney expended an unreasonable number of hours litigating this case. *See* Resp. at 10-11. The Commissioner takes the position that counsel should have spent fewer hours preparing his Appointments Clause arguments, both initially and in

response to the Commissioner's several filings, because the arguments in this case were similar to arguments he had made in other cases. Resp. at 10-11. The Commissioner concludes because Plaintiff recycled boilerplate language, it would be unreasonable to seek maximum compensation. Resp. at 11.

The Commissioner's criticism concerns the time Plaintiff's counsel devoted to Appointments Clause issues. This consists of 6 hours counsel spent on November 3, 2019, November 25, 2019, November 27, 2019 and February 16, 2020. Time St. at 3. There was also some time spent on the Appointments Clause issue on September 23, 2019, prior to filing the opening brief.[1] *Id.* All of the time documented after November 14, 2019 was caused by the Commissioner's decision to raise an unmeritorious forfeiture argument in this court. Obviously, Plaintiff's attorney had the duty to resist the Commissioner's position. While the Commissioner does not argue that Plaintiff's counsel should not have resisted, he suggests that the time spent was excessive, because the arguments counsel raised in this case had also been raised in other cases. That suggestion is unpersuasive, because, although the Appointments Clause arguments counsel raised in this case were similar to arguments he presented in other cases, counsel's time was required to tailor his arguments to the facts in this case. While the Commissioner may think that this effort is unjustified, this court disagrees. Making sure that arguments one has raised in a different case fit the instant matter is precisely what a good lawyer should and would do. That

---

[1] Plaintiff's attorney expended 22.5 hours over three days to prepare the initial brief. Time St. at 2-3. The tasks counsel engaged in were reasonable, including, on the second day, deciding to reduce the number of substantive claims raised from four to two. *Id.* at 3. This is time well-spent and the court appreciates counsel's decision to save the Commissioner and the court time by not having to respond to or consider weak arguments, which, sadly, are plentifully raised in this court. Having read the merits briefs from both parties in this case, it is apparent to the Court that Plaintiff's attorney consistently put in a great deal of effort to produce his written product; effort takes time. Indeed, it can take more time to produce a document of shorter length than one of greater length, if the writer makes the effort to do so. This court finds that the Commissioner's criticisms unfairly impugn Plaintiff's counsel for working hard to produce good writing. Working hard for that goal is not to be discouraged; rather, it should be rewarded by fair compensation.

effort takes time.  This Court finds that the work product of Plaintiff's counsel illustrates that he spent his time litigating this case effectively and reasonably.  Accordingly, this Court declines to reduce Plaintiff's fee request.

An implementing Order follows.